46 F.3d 1134
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Shomari O'BAM, Plaintiff-Appellant,
v.
William WILSON and Andre Lawson, Defendants-Appellees.
 No. 94-1101.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 20, 1994.*
Decided Jan. 5, 1995.
 
 Before FAIRCHILD, FLAUM and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Shomari O'Bam, an inmate at the Maximum Control Center ("MCC") in Westville, Indiana, appeals the district court's denial of a preliminary injunction barring William Wilson, a MCC legal counselor, from handling O'Bam's legal mail or "retaliating" against O'Bam for exercising his legal rights. We dismiss the appeal as moot.
 
 
 2
 In Spring 1993, O'Bam and fellow MCC inmate Osiris Shabazz drafted a civil rights complaint pursuant to 42 U.S.C. Sec. 1983. In early April 1993, Shabazz handed Wilson the Sec. 1983 complaint and other documents addressed to the court for copying. Wilson confiscated the documents, which included affidavits from various inmates, because he believed they were the product of a breach of MCC policies proscribing contact among inmates. According to Shabazz, the documents were given to Andre Lawson, a MCC employee. In late April 1993, Shabazz and O'Bam drafted another Sec. 1983 complaint asking the court to direct Wilson and Lawson to return the first complaint and affidavits. In July 1993, Shabazz filed a motion for preliminary injunction requesting that Wilson be barred from "handling [Shabazz's and O'Bam's] mail and retaliating against them for exercising their right to access to the court."[1] (R. at 29). In December 1993, the district court denied the motion for a preliminary injunction and O'Bam filed an appeal from this order.[2] On July 29, 1994, the district court granted the defendant's motion for summary judgment. No one has appealed the order granting summary judgment in favor of the defendants.
 
 
 3
 O'Bam's failure to appeal the district court's summary judgment order has rendered moot his appeal from the district court's denial of the preliminary injunction. O'Bam's interlocutory appeal was mooted when the grounds upon which the preliminary injunction were requested were found to lack merit. See e.g. Hankins v. Temple University, 829 F.2d 437, 438 n. 1 (3rd Cir.1987) (interlocutory appeal from the denial of a motion for preliminary injunction rendered moot by issuance of district court's final order on the merits); American Postal Workers v. U.S. Postal Service, 764 F.2d 858, 860 n. 3 (D.C.Cir.1985), cert denied, 474 U.S. 1055 (1986) (same). We therefore DISMISS this appeal as moot.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and record
 
 
 [1]
 In his affidavit and memorandum in support of the motion for preliminary injunction, Shabazz alleged that Wilson "unnecessarily delayed copying and handling plaintiffs [sic] legal mail" and threatened O'Bam that he would refuse to recognize O'Bam's legally changed name. (R. at 30)
 
 
 [2]
 Appellees argue that O'Bam's failure to sign the motion for preliminary injunction denies him standing in this appeal. This argument is incorrect. When Shabazz and O'Bam petitioned the court for leave to file their complaint in forma pauperis, the court granted O'Bam's petition, denied Shabazz's petition, and ordered the complaint filed with O'Bam as the sole plaintiff. O'Bam is therefore properly before this court